```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

ALANA PICKERING,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil No. 2014-92
                                    )
ARCOS DORADOS PUERTO RICO,          )
INC.; JOHN P. DEJONGH, JR.,         )
                                    )
          Defendants.               )
                                    )
                                    )
```

ATTORNEYS:

**Ryan W. Greene**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Kyle R. Waldner**
St. Thomas, U.S.V.I.
   *For Arcos Dorados Puerto Rico, Inc.*


## MEMORANDUM OPINION

GÓMEZ, J.

Before the Court is the motion of Arcos Dorados Puerto Rico, Inc., to dismiss all claims for insufficiency of service of process and for failure to state a claim upon which relief can be granted.

## FACTUAL AND PROCEDURAL HISTORY

In August, 2008, Alana Pickering ("Pickering") started working at a McDonald's restaurant in the Tutu neighborhood in St. Thomas, United States Virgin Islands.  The McDonald's in Tutu is owned by Arcos Dorados Puerto Rico, Inc. ("Arcos").

Arcos is an international corporation that owns numerous McDonald's in Latin America and the Caribbean. Arcos is located in Puerto Rico.

John P. deJongh Jr. ("deJongh") was the governor of the Virgin Islands in 2008. deJongh was a frequent customer at the McDonald's where Pickering worked. Many employees at the McDonald's sometimes shared jokes with deJongh on a variety of subjects, including personal security and matters of public concern. Sometimes, the employees would ask serious questions about matters of public policy. Supervisors at the McDonald's sometimes were present during the McDonald's employees' exchanges with deJongh.

On July 3, 2013, deJongh entered McDonald's around 7:00AM. Pickering said the following to deJongh:

> Aye wha going on man when we going get our tax money, people need their money, people working hard for their money, some standing up working hard and some sitting down behind a desk working hard. You done take 8% from the government money and you look like you going take more money from the tax. People need their money, people poor, people have bills to pay.

*Am. Compl.* at ¶ 14.

deJongh complained to the local management about the comment. deJongh asked the manager for the contact information of the corporate office in Puerto Rico.

Later that morning, Pickering asked the manager if she could leave. The manager said Pickering could leave. The manager also informed Pickering that Pickering should call in before coming to work the next morning.

The next morning, when Pickering called her supervisor, Pickering was informed that she should not come in to work. For roughly ten days, Pickering was informed that she should not go to work. On July 15, 2013, Pickering received a call saying that she was to attend a meeting at 3:00PM that afternoon. Representatives from Arcos had traveled to St. Thomas from Puerto Rico and would be attending the meeting. After the meeting with Arcos's representatives, Pickering was fired.

On November 8, 2014, Pickering filed a suit in this Court against Arcos. Count I of the complaint alleges a violation of the Virgin Islands Wrongful Discharge Act. Count II of the complaint asserts a claim for a violation of Title VII of the Civil Rights Act of 1964. Count III alleges a violation of the Age Discrimination in Employment Act. Count IV asserts a claim for Intentional Infliction of Emotional Distress. Count V alleges a violation of the Virgin Islands Wage and Hour Laws. Count VI seeks punitive damages.

The summons issued by the Court was to be served on

*Pickering v. Arcos Dorados Puerto Rico Inc.*
Civ. No. 14-92
Page 4

>     Arcos Dorados Puerto Rico, Inc. d/b/a
>     McDonald's
>     c/o The Prenctice [sic] Hall Corporation
>     System of Puerto Rico, Inc. c/o FGR
>     Corporate Service Inc., Resident Agent
>     254 Munoz Rivera Avenue
>     BBVA Tower, 8th Floor
>     San Juan, Puerto Rico 00918

ECF No. 2.

On January 14, 2015, Pickering filed a return of service for the complaint. The return of service states that on December 29, 2014, the summons was served on a "Jane Doe, receptionist" at

>     Arcos Dorados, P.R., Inc.
>     Ave Munoz Rivera
>     Oriental Bldg., 6th Flr.

ECF. No. 3.

On July 15, 2015, Pickering filed an amended complaint. The amended complaint added deJongh as a defendant in the proceeding.[1]  On August 7, 2015, Pickering filed a return of service for the amended complaint. The return of service states that on July 23, 2015, "Ms. Judith Acosta" accepted the summons for the amended complaint for Arcos at

>     Prentice Hall Corporation System c/o Arcos
>     Dorados P.R. Inc.

ECF No. 12.

---

[1] The amended complaint added a claim for tortious interference against deJongh. On October 19, 2015, Pickering filed a Motion for Voluntary Dismissal of Plaintiff's Claims Against Defendant John P. deJongh, Jr. deJongh is no longer a party to this proceeding.

Arcos now moves to dismiss the complaint for insufficiency of process. Arcos also seeks dismissal for failure to state a claim upon which relief can be granted.

### DISCUSSION

**A. Motion to Dismiss for Insufficient Service of Process**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." FED. R. CIV. P. 12(b)(5). Proper service on defendants must be made within 120 days of the complaint being filed. Fed. R. Civ. P. 4(m). In a 12(b)(5) motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

**B. Failure to State a Claim**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 674, 679)(internal quotations omitted).

**ANALYSIS**

**A. Service of Process**

Arcos contends that this action should be dismissed because Pickering failed to effect timely and sufficient service of process.

Federal Rule of Civil Procedure 4(h) ("Rule 4(h)") permits service to be made upon a corporation in one of two ways:

(1) in a judicial district of the United States:

  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three-step approach. *See Santiago,* 629 F.3d at 130.

>       any other agent authorized by appointment or by law to
>       receive service of process and—if the agent is one
>       authorized by statute and the statute so requires—by also
>       mailing a copy of each to the defendant.

Rule 4(h).

Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Virgin Islands law adopts the Federal Rules with respect to service of process with only minor exceptions that are not relevant to the current matter.

Pickering first directs the Court to the proof of service of the original complaint. The proof of service reflects that a "Jane Doe, receptionist" received the summons. ECF No. 3. The proof of service states that Jane Doe was located on the sixth floor of the Oriental Building on Ave. Munoz Rivera. ECF No. 3.

Rule 4(h) requires that a copy of the complaint be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h). According to the Third Circuit

>       the determination whether an individual is a
>       managing or general agent depends on a factual
>       analysis of that person's authority within the
>       organization. One [occupying] this position
>       typically will perform duties which are
>       sufficiently necessary to the corporations's
>       operations. He should be a responsible party
>       in charge of any substantial phase of the

> corporation's activity.... In brief, it is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity.

*Gottlieb v. Sandia Amp. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971)(internal citations and quotations omitted).

"The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Federal Rule of Civil Procedure 4." *Thomas v. Bonanno*, 2013 WL 3958772, at *2 (D.V.I. July 30, 2013)(citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Here, the record is devoid of any information establishing that Jane Doe was authorized to receive service for Arcos. As such, Pickering has failed to meet her burden. Accordingly, the service of process of the original complaint was insufficient.

The Court next looks to the service of process for the amended complaint. The proof of service establishes that "Ms. Judith Acosta" received the summons at Prentice Hall Corporation system c/o Arcos Dorados P.R. Inc. ECF. No. 12. The affidavit of service states that service was for: "ST-15-CV-313 Superior Court of [sic] Virgin Islands." ECF No. 12-1. Significantly, the proof of service identifies a case in the Superior Court of the Virgin Islands. ECF No. 12-1. This service of process was

also insufficient. *See Benjamin v. Grosnick*, 999 F.2d 590, 592-93 (1st Cir. 1993)(holding that the plaintiff's service of the wrong complaint justified dismissal of the action under then-Rule 4(j)[3]). In sum, there is nothing in the record to suggest that Arcos was properly served with process in this case.

Pickering's attempts at service do not comport with the requirements of Rule 4. Although it is clear that Arcos has since become apprised of this action, "actual notice is not a substitute for proper service." *In re City of Phila. Litig.*, 123 F.R.D. 515, 519 (E.D. Pa. 1988)(citing *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D. La. 1985)("The mere fact that a defendant received actual notice is not sufficient if there has not been compliance with the plain requirements of the Federal Rules of Civil Procedure, Rule 4.")); *Bryant v. Rohr Indus., Inc.*, 116 F.R.D. 530, 533 (W.D. Wash. 1987)("[I]t is clear that the defendant. . . is aware of the plaintiff's lawsuit. Nevertheless, ignorance of the law is no excuse, and plaintiff has not shown good cause for his failure to perfect service."); *see also Stranahan Gear v. N.L. Indus., Inc.*, 800 F.2d 53, 56-57 (3d Cir. 1987)("'When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the

---

[3] Rule 4(m) is the modern equivalent to pre-1993 amendment Rule 4(j).

rules are there to be followed and plain requirements for the means of effecting service of process may not be ignored.'" (quoting *Amrco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984))).

Having found the attempt at service on Arcos insufficient, the Court must next consider whether Pickering ought to be given an opportunity to cure her deficient service. Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). At present, it has been 508 days since the initiation of this action. Thus, the time-period for effecting service under Rule 4(m) has elapsed.

Yet, the Third Circuit has read Rule 4(m) "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer*, 46 F.3d 1298, 1305 (3d Cir. 1995). In exercising its discretion to extend a service deadline, absent good cause, a court must consider four

factors: "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed." *Mathies v. Silver*, 450 Fed. App'x 219, 222 (3d Cir. 2011).

In *Mathies v. Silver*, 450 Fed. App'x 219 (3d Cir. 2011), Stephen Mathies ("Mathies"), an inmate, filed a Bivens action against a prison physician, Seth Silver ("Dr. Silver"). Mathies failed to serve Dr. Silver for more than six years and never properly served the United States. *Id.* at 220. On appeal, the Third Circuit affirmed the district court's dismissal of the action for want of timely service after "consider[ing] several factors, including whether the statute of limitations would foreclose the plaintiff from re-filing, whether the defendant attempted to evade service, and any other relevant equitable considerations." *Id.* (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)("The Advisory Committee note provides some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service. . . [a]lthough the list is not exhaustive, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations

would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'")). The Third Circuit noted that the failure to serve the defendants was attributable to "both Mathies and his attorney...." *Id.* The court further noted that the delay had the effect of tolling the statute of limitations "for six years." *Id.* Thus, the Third Circuit ultimately agreed with the district court that

> it would be unfair to impose upon Dr. Silver further delays so that Mathies could complete service, as well as the burden of defending a claim that Mathies did not bring to Silver's attention until—accepting arguendo Mathies' position that his claim accrued in April 2003— seven years after the statute of limitations began to run.

*Id.* Accordingly, the Third Circuit concluded that the district court did not abuse its discretion in holding "that fairness to the defendant in this case outweighed Mathies's interest in continuing the litigation." *Id.* at 221.

In determining whether the time period for effecting service should be extended, the Court will apply the *Mathies* factors as outlined above. First, Pickering's initial attempts at service were not entirely reasonable. Although Pickering made an effort to serve Arcos in a timely manner, the form of that service was insufficient under Rule 4(h). Service on a corporation with documents for a case in another Court simply

does not satisfy the requirements of Rule 4. Serving documents on an unknown Jane Doe also does not satisfy this requirement. Pickering's failure to effect service on Arcos in compliance with Rule 4(h) counsels in favor of dismissal.

Although Pickering's attempts at service were unreasonable, Arcos has not identified any genuine prejudice that might have arisen from the delay. Arcos argues that it will suffer prejudice because an identical action is currently before the Superior Court. There is no rule stating that a plaintiff cannot bring identical actions in both a district court and the local superior court. Also, the dual proceedings further establish that Arcos has been aware of the underlying claims and arguments Pickering is pursuing. It is clear from its filings that Arcos has received actual notice of Pickering's claims. The lack of any identifiable genuine prejudice, thus, counsels against dismissal.

Pickering has only sought an extension of time in which to effect service after this motion was filed. Pickering maintains that her previous efforts were sufficient. The request for an extension was only an argument for alternative relief. The third *Mathies* factor, thus, counsels in favor of dismissal.

At the same time, Pickering seeks damages under a variety of claims that sound in both civil rights statutes and tort.

Pickering's claims that sound in tort have already passed their statute of limitations. *See* 5 V.I.C. ANN. TIT. § 31(5)(A) (establishing a two year statute of limitations for claims of intentional infliction of emotional distress). However, Pickering is pursuing the same claim in the Superior Court of the Virgin Islands. As such, if this claim were to be dismissed, Pickering would still have a potential source of redress for her injuries. *Cf. Petrucelli*, 46 F.3d at 1305 (3d Cir. 1995)(holding that the time period for effecting service may be extended "if the applicable statute of limitations would bar the refiled action. . . ." (internal citations and quotation marks omitted)). This factor is thus neutral.

In sum, the first and third *Mathies* factors counsel in favor of dismissal. However, the prejudice to Arcos appears to be minimal, at best. Moreover, given the parallel proceedings, even if the Court were to dismiss the action, Pickering could still pursue her action. The Court therefore finds that it would not be unfair to Arcos, given its current notice of the claims, to permit Pickering some additional time in which to attempt to effect service.

**B. Failure to State a Claim**

Arcos also moves for dismissal of the complaint under Rule 12(b)(6), failure to state a claim. It is axiomatic that a

court must have personal jurisdiction over a defendant before it can determine the merits of a motion to dismiss. *See Sinochem Int'l Co., LTD. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)(citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998) for the proposition "that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Where, as here, a defendant has not been properly served, a Court does not have personal jurisdiction over the defendant. *See, e.g.*, *Giles v. Campbell*, 698 F.3d 153, 159 (3d Cir. 2012)(holding that the district court did not have personal jurisdiction over the defendant due to improper service). Because this Court is currently without jurisdiction over the defendant, it will not address the merits of Arcos's other arguments. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997)("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims. A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings")(internal citations omitted).

*Pickering v. Arcos Dorados Puerto Rico Inc.*
Civ. No. 14-92
Page 17

Accordingly, the Court will dismiss the Complaint. The Court will also grant Pickering leave to effect service of process on Arcos.

An appropriate Judgment follows.